# BRYANT'S EXECUTOR *vs.* BOOTHE.

[BILL IN EQUITY BY PURCHASER FOR RESCISSION OF CONTRACT.]

1. *When concealment of defect in title amounts to fraud.*—A willful concealment by the vendor, of a defect in his title which does not appear on the face of his title papers, and of which the purchaser is ignorant, is a fraud on the purchaser, against which equity will relieve.
2. *Extent of relief to purchaser on account of such fraud.*—The measure of relief to which a purchaser is entitled in equity, on account of his vendor's fraudulent concealment of a defect in his title, in consequence of which defect the vendor's entry of the land is afterwards vacated and canceled, is a return of the purchase-money which he has paid, with interest thereon, and the value of his improvements on the land, after deducting therefrom the value of the rents and profits of the land while in his possession.
3. *Parties to bill for rescission of contract.*—After the death of the purchaser, his personal representative is the proper party to file a bill for a rescission of the contract, where a return of the purchase-money paid is the only relief to be obtained; the title to the land being divested out of the heirs and devisees, by a cancellation of the vendor's entry in the land-office.
4. *Estoppel against purchaser's executor from seeking rescission.*—Where the title to the land has been divested by a cancellation of the vendor's entry in the land-office, in consequence of a defect which he fraudulently concealed from the purchaser, the fact that the land was previously sold under an order of the probate court, on the petition of the purchaser's executor, and bid off by the executor himself, does not preclude him from having the contract rescinded in equity.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. WADE KEYES.

THIS bill was filed by the executor of Mrs. Martha Bryant, deceased, on the 21st May, 1850, to obtain the rescission of a contract for the purchase by his testatrix, from one Joseph Boothe, of a certain tract of land. The contract was made in 1833. The bill is predicated on the vendor's fraudulent concealment of a defect in the title. The material facts of the case, as disclosed by the pleadings and proof, are thus stated by the chief-justice:

"Among the facts alleged and proved are the following: That in 1833, Mrs. Martha Bryant, the testatrix of the complainant, bought of the defendant the north half of

the west half of north-west quarter of section 8, township 2, range 3, east, in the St. Stephens land-district, at the price of six hundred dollars; that she paid the purchase-money, took his receipt therefor, containing a description of the land, and thereupon took possession, made improvements, and retained possession until her death in 1848; that at the time of the sale, no defect appeared on the face of the title paper of the defendant; that the defendant had entered the land at the St. Stephens land-office, and had the certificate of entry, which did not disclose any defect of title on its face; that there was in fact, however, a defect of title, which was known to the defendant, but which was concealed from Mrs. Bryant; that the defect in the title consisted in this, that a material portion of the land was covered and embraced by an older and better claim, or grant, known as the 'Weakly claim;' that the Weakly claim was run out, and located by surveyors, in 1841, when it was ascertained to embrace the improvements of Mrs. Bryant on the land she had bought of defendant; that thereupon she called on him, to know if she had not bought the land of him, and he replied that her improvements were not on the land he had sold her; that thereupon, in the presence of the defendant, she bought of Mims, the owner of the Weakly claim, the four acres thereof which included her improvements, and paid him one hundred dollars therefor; that afterwards, and in 1843, the defendant, by the false pretense that he wanted to give her a good title for the land he had sold her, obtained from her the receipt he had given her, and induced her to accept in lieu thereof his *quit-claim deed* to the land, by the false representation that he had thereby made her a good title; that Mrs. Bryant was far advanced in years, uneducated, a near neighbor of defendant, considered him her friend, reposed great confidence in him, and was deceived by him; that in 1847 the defendant's entry of the land which he had sold to her was vacated and canceled by the government officers, because of its conflict with the Weakly claim, and the defendant's money which he had paid to the land-office for the land sold by him to Mrs. Bryant, was returned to him by the

government officer, and accepted by him; that afterwards, all that part of the land which he had sold to Mrs. Bryant, which was not embraced by the Weakly claim, was entered at the land-office in the name of Joseph Silver, a son-in-law of the defendant; that the defendant himself made that entry for Silver; that afterwards, and about the 1st of June, 1848, Mrs. Bryant died, leaving her last will and testament, which has been duly admitted to probate, but which does not appear to mention, describe, or devise to any person the land sold to her by the defendant."

On final hearing, on pleadings and proof, the chancellor dismissed the bill, but without assigning any reason for the decree; and his decree is now assigned as error.

K. B. SEWALL, for the appellant.—1. Boothe knew, when he made the sale to Mrs. Bryant, that he had no title to the land, and that his entry of it could be canceled; and his concealment of this fact, coupled with his misrepresentations, constitutes such a fraud as entitles the complainant to a rescission of the contract, and return of the purchase-money, with interest.—Young v. Harris, 2 Ala. 158; Camp v. Camp, 2 Ala. 632; Park v. Brooks, 16 Ala. 538; Munroe v. Pritchett, 16 Ala. 790; Elliott v. Boaz, 9 Ala. 776; Read v. Walker, 18 Ala. 323; Moore v. Clay, 7 Ala. 742; Smith v. Richards, 13 Peters, 26; Reese v. Wyman, 9 Geo. 430; Edwards v. McLeary, Cooper's R. 308. He is entitled, also, to recover the $100 paid Mims, with interest.—Smith v. Mitchell, 6 Geo. 458; Tomlinson v. Savage, 6 Ired. Eq. 430; Kindley v. Gray, ib. 445; 2 Strob. Eq. 14. The fact that a conveyance was executed, does not affect the right of rescission.—Berry v. Armistead, 2 Keen, 221; Gibson v. D'Este, 2 Y. & C. 542; Dart on Vendors and Purchasers, 377.

2. The executor of Mrs. Bryant is the only necessary party complainant, since a recovery of the purchase-money is the only relief which can be obtained. The title to the land, which has been divested by the cancellation of Boothe's entry, cannot be affected by any decree in this suit; consequently, the heirs-at-law were not necessary parties. Moreover, Mrs. Bryant's will directs all the

21

estate, real and personal, to be sold; and the executor, who has duly qualified, is the proper person to represent the interests of the estate. In support of these positions, see Rice v. Spottswood, 6 Monroe, 40; 3 Munford, 54; Harris v. Carter, 3 Stewart, 233; 6 Wheaton, 550; 1 Wash. C. C. 517; Sugden on Powers, 160–65; 4 Kent, 326; 2 Johns. Ch. 254; 8 Porter, 380; 1 Sneed, 318.

3. The delay in the institution of the suit is satisfactorily accounted for by the condition of the parties, and the circumstances of the case. The fraud was not discovered until after Mrs. Bryant's death.—Foster v. Gressett's Heirs, 29 Ala. 393.

4. The sale under an order of the orphans' court, and the executor's purchase at that sale, constitute no defense. Those proceedings did not affect the title to the land, and can have no effect on the right of rescission.

R. H. SMITH, and DANL. CHANDLER, contra.—1. The charge of fraud is denied by the answer, and is not substantiated by the proof.

2. Mrs. Bryant was put in possession of the land, under the contract, in 1833, and retained it until her death in 1848. The defect of title, caused by the conflict with the Weakly claim, was discovered and communicated to her in 1840; and she then elected, instead of rescinding the contract, to purchase a part of the conflicting claim, and retain possession under the contract. After this long delay and acquiescence on her part, it is now too late to seek a rescission of the contract.—4 Ala. 29; 12 Ala. 38; 7 How. (U. S.) 159; 3 Ala. 352; 9 Gill, 156; 3 Peters, 215.

3. The land has been sold, since the death of Mrs. Bryant, as belonging to her estate, and bought by the executor; the proceedings connected with the sale being returned to the probate court, approved, and recorded. The executor is concluded by these acts.

4. The bill shows no right in the complainant to maintain this suit.

RICE, C. J.—Upon the allegation and proof of the facts above stated, Mrs. Bryant would doubtless have been

entitled to relief, at any time after the defendant's entry had been vacated and canceled by the government officers as aforesaid. Her right to relief under such facts would have rested upon the principles recognized in Cullum v. The Branch Bank at Mobile, 4 Ala. 21, and the settled rule stated in Sugden on Vendors, chap. 9, § VI, page 564, in the following words : "Although the purchase-money has been paid, and the conveyance is executed by all the parties, *yet, if the defect* [*of title*] *do not appear on the face of the title deeds, and the vendor was aware of the defect, and concealed it from the purchaser,* or suppressed the instrument by which the incumbrance was created, or on the face of which it appeared, he is *in every such case guilty of fraud,* and the purchaser may either bring an action on the case, *or file his bill in equity for relief.*" This rule is cited with approbation by this court in Cullum v. The Branch Bank at Mobile, 4 Ala. 35, and is undeniably a sound rule.—Hitchcock v. Giddings, 4 Price, 135 ; Prince v. Williams, at the present term ; Gressett v. Foster, 29 Ala. 393 ; Smith v. Richards, 13 Peters, 26 ; Bedford v. Hickman, 5 Call, 236.

The only relief, however, to which Mrs. Bryant would have been entitled upon a bill filed after the defendant's entry of the land had been vacated and canceled as aforesaid, would have been a return of the purchase-money paid by her to the defendant, with interest thereon, and the value of her improvements made on the land, after deducting therefrom the rents and profits of the entire tract she bought from the defendant up to the time she bought the four acres thereof from Mims, the owner of the Weakly claim, and the rents and profits of the entire tract, except said four acres and the improvements on said four acres, from the time of her said purchase from Mims up to the time the defendant's entry was vacated and canceled as aforesaid.—Bright v. Boyd, 1 Story's Rep. 478 ; Read v. Walker, 18 Ala. 323 ; Gressett v. Foster, *supra.*

As that was the only relief to which Mrs. Bryant was entitled, in equity, at the time of her death ; and as no descendible or transmissible interest in the land, *under*

*her purchase from the defendant,* remained in her *after his entry was vacated and canceled as aforesaid,* it is clear that since her death neither her heirs nor devisees can maintain any claim to the land *under her purchase from the defendant.* Her executor is, therefore, the proper party complainant to demand the relief against the defendant. The measure of that relief is indicated in what we have above said would have been the proper relief for Mrs. Bryant.

The executor of Mrs. Bryant is not barred of the relief to which we have above shown him to be entitled, by the sale of the land since her death under the order of the probate court, and his bidding it off at that sale. All right and interest *in the land,* which she ever acquired *by her purchase from the defendant,* was extinguished by the cancellation of his entry of that land by the government officers. When that cancellation thus extinguished her right and interest in the land, *under her purchase from the defendant,* it rendered complete her right to a return of the purchase-money paid by her to the defendant, and interest thereon, subject to the deductions above mentioned ; and that right to a return of the purchase-money cannot be destroyed or lost by a sale by the executor, which took no right from the defendant, conferred none on the highest bidder thereat, *to any interest acquired from the defendant,* and is ineffectual for every purpose, except, perhaps, to give the bidder the right to the four acres bought of Mims as aforesaid, and to charge the executor, upon the principle of *caveat emptor,* with the amount of his bid, in favor of the creditors and legatees of Mrs. Bryant's estate.

The decree of the chancellor, dismissing the bill, is erroneous, and must be reversed; the cause is remanded, to be proceeded in according to the views and principles hereinabove declared. The appellee must pay the costs of the appeal.