## BRYANT'S EXECUTOR *vs.* BOOTHE.

[BILL IN EQUITY BY PURCHASER FOR RESCISSION OF CONTRACT.]

1. *Conclusiveness of judicial decision.*—A decision of the supreme court is the law of the case in which it is pronounced, and is conclusive alike on the primary court and on a second appeal.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon. WADE KEYES.

THE bill in this case was filed by the executor of Mrs. Martha Bryant, deceased, against Joseph Boothe and others, for the purpose of obtaining the rescission of a contract for the purchase of a tract of land, on account of the vendor's fraudulent concealment of a defect in the title. At the January term of this court, 1857, the chancellor's decree on the merits was reversed, and the cause was remanded for further proceedings.—See 30 Ala. 311. The subsequent proceedings had in the cause, so far as they are material, are stated in the opinion of the court.

K. B. SEWALL, for appellant.

R. H. SMITH, *contra.*

R. W. WALKER, J.—When this case was here before, this court laid down the following as the measure of relief to which, upon the pleadings and proof, the complainant was entitled—" a return of the purchase-money paid by Mrs. Bryant to the defendant, with interest thereon, and the value of her improvements made on the land, after deducting therefrom the rents and profits of the entire tract she bought from the defendant, up to the time she bought the four acres thereof from Mims, the owner of the Weakly claim, and the rents and profits of the entire tract, except said four acres, from the time of the said purchase from Mims, up to the time the defendant's entry was vacated and canceled as aforesaid."—Bryant's Ex. v.

Boothe, 30 Ala. 315. That decision is the law of the case, binding alike upon the chancellor, and upon this court on a second appeal.

After the cause was remanded, the chancellor made an order of reference, directing the register "to take an account in accordance with the opinion of the supreme court." In pursuance of this order, the register reported an account, in which he stated the amount of the purchase-money paid by Mrs. Bryant, with interest thereon, at $1,775 00; the value of the improvements made by her, at $395; and the rent of the land, at $1,300—thus showing a balance due from Boothe, of $870 46. In stating the account, the register credited the defendant with the value of the rent of the dwelling-house occupied by Mrs. Bryant. Both parties filed exceptions to the register's report; the defendant, because the allowance of rent was, as he insisted, too small; the complainant, because the register undervalued the improvements made by Mrs. Bryant, and because the allowance of rent was too large, insisting in this connection, that no rent whatever ought to be charged against the complainant for the dwelling-house, the same not being on the land purchased of Boothe by Mrs. Bryant. The report, except in reference to the rent for the dwelling-house, seems to have been in strict pursuance of the former opinion of this court; and the objections made, except the one which relates to the rent of the dwelling-house, were only to the amounts allowed.

When the cause came on to be heard on these exceptions, the chancellor rendered a final decree against the defendant, for $140 and costs. In this decree no mention whatever is made of these exceptions, except the recital that 'the cause came on to be heard on exceptions to the register's report;' and it is impossible to discover what, if any, disposition was made of them. We cannot understand how the chancellor arrived at the result attained in the decree rendered by him. But, however irregular this mode of proceeding, we are not prepared to say that we would reverse the decree for this reason, if we could per-

ceive that the result was a just one. We cannot affirm that such is the case in this instance.

We are not expressly informed, whether the chancellor gave the defendant credit for the rent of the dwelling-house occupied by Mrs. Bryant; but, inasmuch as the decree rendered by him was for a much smaller sum than the balance reported by the register, who did give the defendant the benefit of that credit, we must presume that the chancellor, in ascertaining the balance due from the defendant, considered the rent of the dwelling-house a proper charge against the complainant. In this there was error. According to the former decision of this court, the only rent with which the complainant can be charged in this suit, is the rent of the entire tract she bought from the defendant. The land so bought by her was the N. ½ of the W. ½ of N. W. ¼ section 8. The proof clearly shows, that the dwelling-house alluded to was not situated on this land, but on an adjoining tract, which seems to have belonged to a Mrs. Stedman, who subsequently sold it to one Powell, from whom it was purchased by Brady, the son-in-law of Mrs. Bryant. He, it is shown, " reserved four acres of this land for Mrs. Bryant, for fear that her house was not on the land she bought of Boothe." As the case now stands, it can make no difference that the house was part of the property which Mrs. Bryant supposed she had bought of Boothe, and that her possession was not disturbed by the real owner. For, however much weight that consideration might be entitled to, if we were for the first time fixing the measure of complainant's relief; we cannot now modify the law of the case as settled when it was here before. According to the decision then made, the complainant is not chargeable with the rent of any land not included in the tract bought by Mrs. Bryant from Boothe; and it being shown that the dwelling-house was situated on a different tract, there was error in charging the complainant with the rent.

The decree must be reversed, and the cause remanded, for further proceedings not inconsistent with this opinion; and inasmuch as it does not sufficiently appear that the exceptions taken to the register's report have been specifi-

cally passed upon by the chancellor, it is ordered, that the parties shall not be precluded from again raising the questions presented by those exceptions, except so far as they are expressly disposed of in this opinion. The appellee must pay the costs of the appeal.