Nov. Term, 1861.

PHILLIPS
v.
REICHERT.

*John H. Baker*, for the appellant.

———•◦•———

PHILLIPS and Another *v.* REICHERT.

Where there is an entire failure of title to real estate conveyed with covenants of warranty, the measure of damages for a breach of the covenants, in the absence of fraud, is the purchase money and interest.

If the eviction is partial only, the damages will bear the same proportion to the whole purchase money, that the value of the part to which the title failed bears to the whole premises, estimated at the price paid.

The fact that the land was bought for a particular purpose, which was known to the vendor, can make no difference in respect to the rule of damages for a breach of the covenants.

*Quære:* Whether the vendee might not rescind the contract, on a failure of the title to that part which constituted the principal inducement to the purchase.

The basis of damages in case of a partial failure of title, should be the

relative general value of the part to which the title has failed, compared with the whole, without limitation of the purposes to which it may be applied, or for which it may have value.

APPEAL from the *Posey* Circuit Court.

WORDEN, J.—Action by the appellants against the appellee, upon a promissory note, and to foreclose a mortgage, executed by *Reichert* to one *Charles Graddy*, and by the latter indorsed to the plaintiffs.

The note was for $150, and was given in part consideration for the sale of a certain piece of land, by *Graddy* to the defendant, which was conveyed by deed of general warranty. The entire purchase money was $600, and the note in suit was for the last payment.

Defense, that the defendant had been evicted from part of the premises by a paramount title. That he purchased the premises expressly for the purpose of erecting a lager-beer cellar, in a ravine on the part thereof from which he has been evicted, and that the part from which he has been ousted is indispensable to the trade and business of a brewer for such cellar, and that the lot is not worth as much by $200, as the defendant agreed to pay for the same, in consequence of said ouster.

Issue, and trial by the Court. Finding and judgment for the defendant.

The Court found specially the following facts, on which the question here involved, depends:

" ·. That said lot, at the time of the purchase thereof by the defendant from *Graddy*, had erected thereon a dwelling-house, which is still on said lot; and that one of the main objects for which the lot was purchased, was that said defendant might erect a lager-beer cellar thereon, which object was known to *Graddy* at the time of the purchase.

" .. That since said conveyance, the said defendant has been evicted from the west end of said lot by a paramount title, the said *Graddy* not being the owner in fee of the west end of said lot, at the time of said conveyance.

" .. That the whole price, or purchase money, of said lot was $600, and that by reason of the failure of title to the

Nov. Term,<br>1861.<br><br>PHILLIPS<br>v.<br>REICHERT.<br><br>*Friday,*<br>*November* 29.

Nov. Term,
1861.

Phillips
v.
Reichert.

west end thereof, it is unfit for the purpose for which it was, in part, purchased, and is therefore worth to the defendant $200 less, for the purpose for which he purchased, than the entire lot would have been worth.

"5. That the general value, that is, the value for ordinary purposes, of that part of the lot to which the title failed as aforesaid, was $30, taking the entire purchase money, or $600, as the criterion of the value of the whole lot.

"6. The Court, therefore, finds generally for the defendant."

Motion for a new trial overruled.

The question presented is, whether the Court adopted the correct rule as to the measure of damages. The measure of damages, it is evident, must be the same as if the defendant were suing *Graddy* for a breach of the covenants in his deed.

It is well settled, that where there is an entire failure of title, the measure of damages for a breach of the covenants, in the absence of fraud, is the purchase money and interest. *Reese* v. *McQuilkin*, 7 Ind. 450.

It would seem to follow, as a corollary of this rule, that where the eviction is partial, the damages will bear the same proportion to the whole purchase money, as the value of the part to which the title fails bears to the whole premises, estimated at the price paid. This, accordingly, seems to be the settled rule. Rawle on Cov. p. 88, ed. 1860; Sedgwick on Dam. 3d ed., 175; *Cornell* v. *Jackson*, 3 Cush. (Mass.) 510; *Morris* v. *Phelps*, 5 Johns. 49; *Giles* v. *Dugro*, 1 Duer, 331; *Wiley* v. *Howard*, 15 Ind. 169.

But it is claimed that inasmuch as the lot was purchased for a particular purpose, which was known to the vendor, and as the failure of title to a part renders the premises useless for that purpose, the case is taken out of the rule indicated The counsel for the appellee admits that there are no authorities directly sustaining the position thus assumed. We have looked, within a limited range, for authorities upon this point, but find none. The absence of authority sustaining the position is some evidence, at least, that such is not the law. An analogy is sought to be drawn from the rule that

where goods are ordered from a manufacturer for a partic- ular purpose, there is an implied warranty that they shall be fit for the purpose designed. Such warranty may well be implied, and yet furnish no analogy for settling the rule of damages on a breach of the express warranty of title contained in the covenants of a deed.

We think, in principle, the fact that land was bought for a particular purpose, which was known to the vendor, can make no difference in respect to the rule of damages, for a breach of the covenants. The purpose for which the land was bought, does not enter into the covenants. They bind the covenantor, that he is seized of the land, and that he will warrant and defend the title, or in default thereof, that he will return the purchase money and interest; or, if the title fail in part, that he will return a ratable proportion of the purchase money and interest. The fact that the land was bought for a particular purpose, cannot have the effect of increasing the liability thus imposed by the covenants. If the land was sold in good faith, and without fraud, the vendor supposing he had title to the whole, no reason is perceived why he should be held to a greater degree of liability on his covenants, than if he had not known the purpose to which the purchaser intended to apply it. In the case of *Dimmick* v. *Lockwood*, 10 Wend. 142, 155, it was said by the Court, "One ground assumed by *Kent*, when chief justice, in *S.aats* v. *Ten Eyck*, and also by Chief Justice *Tilghman*, in *Bender* v. *Fromberger*, is this: "that the title of land rests as much in the knowledge of the purchaser as the seller; it depends upon writings, which both can examine." Again, "it is agreed on all hands, that if fraud can be shown, or concealment, which would be evidence of it, that would constitute a good ground of action, in which the purchaser could recover all his damages."

We have not examined the question whether the defendant might not, had he chosen to do so, have rescinded the contract, on the failure of the title to that part which constituted the principal inducement to the purchase; but whether he could have done so or not, we think the $30, found by the Court to be the value of the part to which the

title failed, taking the purchase money as the criterion of the value of the whole, was the true measure of damages; and, therefore, that the Court should not have found, generally, for the defendant.

It should be observed, however, that perhaps the fifth finding of the Court does not furnish a strictly accurate basis for the assessment of damages. If the value of the part to which the title failed, is less "for ordinary purposes," than it is for any particular purpose to which it is adapted, and may be applied, as, for instance, a lager-beer cellar, the basis is wrong. The basis should be its relative, general value, compared with the whole, without limitation of the purposes to which it may be applied, or for which it may have value.

A new trial should be awarded.

*Per Curiam.*—The judgment below is reversed, with costs.

*Conrad Baker* and *J. P. Edson*, for the appellants.

*Alvin P. Hovey*, for the appellee.