## Sellards, et al. v. Adams, et al.

(Decided March 4, 1921.)

### Appeal from Magoffin Circuit Court.

1. Vendor and Purchaser—Action for Fraud and Deceit.—A vendee of land, who has been induced to purchase it, by false representations as to the title, knowingly made by the vendor, with the intention to deceive and to induce the purchase, and suffers injury thereby, may maintain an action for damages for the fraud and deceit, and in such action may recover all his actual damages.

2. Vendor and Purchaser—Action for Fraud and Deceit.—In an action brought by a vendee against the vendor for damages because of actual fraud practiced upon him by the vendor, in inducement of the sale, as false representations knowingly made with reference to the title, with the intention to deceive, and in reliance upon which the purchase was made, the insolvency or non-residence of the vendor does not have any effect.

3. Vendor and Purchaser—Action for Fraud and Deceit.—Although a vendee has received a deed, which contains covenants of warranty, covering the defects in the title complained of, he may maintain an action of deceit for the damages suffered by him, on account of an actual fraud perpetrated by the vendor upon him in inducing the purchase of the property.

4. Vendor and Purchaser—Breach of Covenant.—If one relies upon the covenants in his deed, he must be confined to such recovery as is permitted for a breach of such covenants, and the necessary facts must exist to sustain a cause of action for such breaches.

J. W. HOWARD for appellants.

PRATER & RAMEY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—
Reversing.

The appellants, Floyd and Ella Sellards, by a petition in equity, averred, that they purchased a tract of land from the appellees, John A. and Ellen Adams, paying one-half of the purchase price and for the balance, executing their two promissory notes, and which by the direction of John A. Adams, were made payable to the appellee, Harlan Roark. The Adams conveyed the land to the Sellards by a deed containing a covenant of general warranty, and put them into the possession of the land. They, further, averred, that to induce them to buy the land, pay the cash payment, execute the notes, and accept the deed, John A. Adams, falsely and fraudulently repre-

sented to them, that appellee's title to the land was perfect and that they owned the minerals, including oil and gas, in the land, as well as the surface, and being deceived by the representations of Adams and relying upon them, they purchased the land as above stated and accepted the deed, which they would not have done if they had known, what they have since learned, that appellees, at that time, had no title at all to the minerals, including the oil and gas, in the land. The minerals had long theretofore been sold and conveyed to another, and that, although, appellee, John A. Adams knew such to be a fact, he falsely and with intention to defraud them, represented that appellees were the owners of same and fraudulently concealed the fact, that appellees did not have and could not make appellants, a title thereto; that the minerals, including oil and gas in the land and the privilege of mining for same, constituted one-half the value of the land, and that they had agreed to purchase the land, pay the cash payment, execute the note and accepted the deed fully believing that they were acquiring a title to the entire land, and that by reason of the fraud perpetrated upon them, as above stated, they had suffered damages in the sum of $300.00; that Roark, the holder of the notes was a non-resident of the state of Kentucky and resides in the state of Ohio. The prayer of the petition was for a cancellation of the notes, which the appellants had executed to Roark, which would relieve them of the payment of one-half of the purchase price, and for a recovery of $300.00 in damages against the other two appellees. A general demurrer was offered to the petition by the Adams, and sustained, and the Sellards, declining to plead further, their petition was dismissed, and hence this appeal.

The appellee, Roark, being a non-resident and not having been brought before the trial court, in a way, that a personal judgment for relief of any kind, could be rendered against him, and for the same reason not being before this court, upon the appeal, no consideration will be given to the appeal as to him, and it is dismissed.

The appellees, John A. Adams and Ellen Adams, are husband and wife, and in making the sale, the former was presumably acting as the agent of the latter, as they appear as joint vendors of the lands. The appellants took the depositions of several witnesses, but, we do not regard it necessary to consider same, since, if the petition did not state a cause of action against any of the appel-

lees the evidence on file would not entitle the appellants to a recovery, and, if the petition was sufficient, there being no answer thereto, the appellants were entitled to recover without any proof of the averments of their petition, and hence the only question for consideration is, whether the petition contained a statement of facts sufficient to constitute a cause of action against the Adams. The petition contains a statement of facts, to the effect, that appellants purchased a tract of land, and paid and obligated themselves to pay therefor, believing that they were receiving a fee simple title thereto, when in truth and in fact, they were receiving a title to the surface of the land and to such further parts of it, as did not consist of any kind of minerals therein, and in addition the surface of the land might be subjected to the necessary operations of mining by the owners of the minerals in the land, and that while they were put into possession of the estate of which the minerals consisted, by virtue of the terms of section 2366a, Ky. Stats., their possession was only for the benefit of the owner of the minerals, in which they had not received any beneficial interest, but, held them in the nature of a trustee. They were, as alleged, induced by the false and fraudulent representations of appellees to purchase the land, without which they would not have done so, and these representations were made to deceive and defraud them, by appellees, who were pretending to sell and deliver the title and possession to them, of something of which the appellees were not the owners and could not vest them with any beneficial possession. It could not be contended, that this did not work an injury to appellants, who to secure the ownership of the property, which they had purchased and paid appellees for, would be compelled to purchase and pay the real owners therefor. The cause of action stated in the petition against the Adams is not an action for damages for breach of the covenants of warranty of title contained in the deed, which appellees made to the land, as insisted by their counsel. That when negotiations between parties for the sale and purchase of lands are consummated and a deed is executed and delivered, the transaction so far as it rests in contract is merged in the writing, there is no doubt, but that false and fraudulent representations made by the parties to induce the transaction are not so merged, and hence, the representations and actions of the parties in the negotiations for a sale and purchase of land when made in good faith, although they may be .

false, when the transaction is consummated, the representations and actions are merged in the purchase, but if the representations were known to be false when made and have caused injury to the adverse party, the consummation of the contract, will not shield the wrongdoer. Culvers v. Avery, 7 Wend. 380. The foregoing doctrine is upheld, in that long line of decisions, in this jurisdiction, which hold, that where a contract for the sale of land has been fully executed, and there is no other ground for complaint on the part of the vendee, except a defect of the title, he can not maintain an action for the rescission of the contract, unless there was actual fraud, in the sale, otherwise, he is relegated for relief to the covenants in his deed. Buford v. Guthrie, 14 Bush 695; Simpson v. Hawkins, 1 Dana 305; Vance v. Hank, 5 B. M. 537; Duvall v. Parker, 2 Duv. 182; Campbell v. Whittingham, 7 J. J. M. 100; Miller v. Long, 3 Marsh, 336; Upshaw v. Debow, 7 Bush 442; Madden v. Leak, 5 J. J. M. 95. That other line of cases, which hold that in the absence of fraud, insolvency or non-residence of the vendor, that a vendee, in possession under a deed containing covenants of general warranty, can not have a rescission of the contract, when sued for the purchase money, although the vendor, at the time of the sale, may have represented his title to be perfect, when it was not in fact, and in such case the vendee will be required to pay the purchase money, and rely upon the covenant of warranty, if an eviction should befall him, rest upon the same principle. Gale v. Commonwealth, 3 J. J. M. 538; Taylor v. Lyon, 2 Dana 276; Trumbo v. Lockridge, 4 Bush 415; English v. Thomasson, 82 Ky. 280. It will be observed, that none of the above cited cases confines a vendee to a reliance alone for recoupment upon the covenants of warranty in his deed, when the sale and purchase were the result of fraud practiced by the vendor. Where the purchase of the land is the result of false representations as to the title of the land, knowingly made by the vendor with the purpose to deceive and to induce the purchase, and relied upon by the vendee, and the sale is induced thereby, and therefore not constructively, but, actually fraudulent, and the vendee suffers injury therefrom, he may maintain an action against the vendor for the damages suffered on account of fraud and deceit, or he may maintain an action for a rescission of the contract, if he acts promptly, when the fraud is discovered. While the greater number of the decisions of this court, in such states of case, have dealt

with the right to maintain actions for rescission, and the incidents of such actions, the right to maintain the action for deceit is nearly universally upheld, although there is some authority to the contrary. Perkins v. Rice, Litt. Select Cas. 218; 7 R. C. L. 1132; 27 R. C. L. 379; Hunt v. Barker, 22 R. I. 18; Meade v. Buin, 32 N. Y. 280; Culver v. Avery, 7 Wend. 380; Bryant v. Boothe, 30 Ala. 311; 7 R. C. L. 1166; Phillips v. Reichert, 17 Ind. 120; Schackelford v. Hundley, 1 A. K. M. 496; Young v. Hopkins, 6 T. B. M. 19; Breckinridge v. Moore, 3 B. M. 629; Fristoe v. Laytham, 18 K. L. R. 157; Meeks v. Garner, 93 Ala. 17; Fitzhugh v. Davis, 46 Ark. 337; Anderson v. Buch, 66 Iowa 490; Short v. Carroll, 100 Mich. 418; Riley v. Bell, 120 Iowa, 618. Such of the foregoing cases as deal with efforts to rescind sales of real estate nearly all declare the right of a vendee, deceived by actual fraud, to maintain an action for deceit, and the right to maintain an action for rescission on account of fraud practiced in the sale can be rested upon no principle, except that a vendee is not confined to his covenants for recoupment of losses, when the sale is tainted with fraud. The fact, that a vendee holds under a deed containing covenants of warranty covering the defects complained of, does not preclude him from the right to maintain an action for damages for deceit and fraud, where he has been induced by such to purchase the land, and suffers an injury therefrom, 12 R. C. L. 411, and cases cited in Note 1, thereto. Furthermore, although the title to land may be ascertained by an examination of the public records, a failure of a vendee to examine such records does not preclude him from maintaining an action for deceit against a vendor, who knowingly misrepresents the condition of the title to him, and he in ignorance of the title relies upon the representations to his damage. David v. Park, 103 Mass. 501; Dodge v. Pole, 93 Ind. 481; Tyner v. Colter, 67 Wis. 482; Campbell v. Whittingham, 5 J. J. M. 96.

The appellees insist that the demurrer was properly sustained because an action for breach of the covenants of warranty in a deed can not be maintained, until there has been an eviction of the vendee either actually or constructively, unless the vendor is insolvent or a non-resident of the state, and the opinion relied upon as sustaining that doctrine, Walker v. Robinson, 163 Ky. 614, does sustain it, and with its conclusions we do not quarrel, but it will be observed, that was an action purely upon the covenants of title contained in the deed, and for a breach

of the contract set forth in the covenants, and not as this action is for the injury suffered by the fraudulent representations made to induce the purchase of the land, and relied upon by the vendee to his' hurt. This is an action of tort, and that was an action in contract. That opinion is not different from the many others of this court cited by us, wherein the only complaint was a mere defect in the title, and the sale and purchase untainted with actual fraud in its procurement. Counsel do not draw the distinction between, where a defrauded vendee elects to retain what he has received, and institutes an action for the damages which he has sustained on account of the fraud and deceit by which he was caused to make the transaction and an action for breach of the warranties and ignores his right to make such an election. If a vendee relies upon the covenants of warranty in his deed, at all, he must confine himself altogether to such remedy, and the necessary facts must exist to enable him to maintain such an action, Phillips v. Reichert, *supra,* but, he has an election and may sue for the tort caused by the fraud where such exists, and in such action the insolvency and non-residence of the vendor do not affect the right of recovery. The measure of damages allowable in the two actions is different, as when, he sues for the fraud and deceit, if he succeeds in sustaining his action by the evidence, he may recover for all the actual damages sustained, while in an action for a breach of the covenants of warranty, he is confined to the recovery of such damages as the rules of law provide for such contractual breaches, and which are unnecessary to be stated here. Hence, being of the opinion, that the petition contains a statement of facts, which constitute a cause of action, in favor of appellants against the appellees, the Adams; the sustaining of the demurrer was error.

The judgment is reversed, and cause remanded with directions to set aside the judgment, and for other proper proceedings not inconsistent with this opinion.