## McCoun v. Nickell.

(Decided March 17, 1925.)

Appeal from Wolfe Circuit Court.

1. Fraud—Purchaser, Retaining Property, May Sue for Deceit.— Purchaser of personalty, while retaining it, may maintain common-law action for damages for deceit practiced on him.

2. Fraud—Purchaser Must Show Representations were known to be untrue.—Purchaser of personalty, to recover for deceit, must show untrue representations were known to be untrue.

3. Fraud—Opinions as to Value Not Grounds for Recovery.—False statements of fact, which are grounds for recovery by purchaser of personalty in action for deceit, do not usually include opinions as to value.

4. Sales—Purchaser of Interest in Garage Held Not Entitled to Avoid Payment of Price on Ground of False Representations of Value.—Purchaser of interest in garage, who had possession for for some time before giving purchase-money note, held not entitled to avoid liability on such note on ground of alleged false representations by seller as to value of interest sold.

E. C. HYDEN and LEEBERN ALLEN for appellant.

S. M. NICKELL, J. C. LINDON and G. B. STAMPER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

C. W. Nickell owned a half-interest in a garage at Campton and a contract for the Ford agency there. On September 18, 1922, he sold this half interest to Glenn McCoun for $2,500.00. Nickell then paid him $50.00 on the purchase and agreed to pay the balance when the Ford people at Cincinnati confirmed the transfer of the agency. George Holt owned the other half. The busi-

ness was done in the name of Nickell & Holt. The new business was to be done by McCoun & Holt under the name of the Campton Motor Company. Nickell then turned over the property to McCoun and he took charge of the business. They then went to Cincinnati to have the transfer of the agency made; there they got blanks and brought them back to Campton to have them filled in. On September 25th, at Campton, the contract was drawn up and signed and sent back to Cincinnati to the Ford people. McCoun then gave Nickell a check for $1,200.00 and a note for $1,250.00, due in six months, with interest, but these were left in a bank to be turned over to Nickell when the papers came back from Cincinnati properly signed; the check and the note were then delivered by the bank to Nickell. The note was due on March 25th. On April 19th McCoun paid Nickell on it $200.00 without complaint. He did not then pay the remainder of the note and Nickell hypothecated the note with the bank there to secure a note of his for $1,500.00. About a month later Nickel and McCoun met to close the matter up. McCoun started to write Nickell a check for the amount of the note and after he had written Nickell's name in the blank a dispute arose between them as to whether he should pay interest on the note from the time it was due, he saying that he had the money in the bank to pay the note and that it was not his fault that the payment had been delayed by reason of some unsettled matters due by Nickell and Holt in the garage. Nickell said that he would let the interest go if McCoun would make an affidavit that he had had the money in bank. Thereupon McCoun tore up the check and said that he wouldn't settle at all. Nickell then brought suit against McCoun on the note. McCoun defended upon the ground that Nickell represented to him that his half of the Ford agency was worth a thousand dollars and that his half of what was in the garage was worth $1,500.00; that he was induced by these representations to make the purchase; that they were false and fraudulent and that Nickell's half of what was in the garage was worth less than $500.00. The allegations of the answer were denied by the reply; proof was taken and on final hearing the circuit court entered judgment in favor of Nickell for the amount of the note with interest. McCoun appeals.

It is well settled that the purchaser of personal property may retain the property and maintain a common

law action for damages for any deceit practiced upon him in the purchase, but to recover in such an action the plaintiff must show not only that the representations were made and were untrue but that they were known to be untrue. The rule also is confined, usually, to statements of facts and does not usually include mere matters of opinion as to value.

> "Puffing by sellers is universal, and every one buys knowing that he must exercise his own judgment on matters of opinion expressed by the seller." Vokes v. Eaton, 119 Ky. 913.
>
> "It is a well settled rule that mere commendation, or even false representation, by the seller of the property as to its value, when the purchaser has an opportunity to ascertain for himself such value by ordinary vigilance or inquiry, has no legal effect on the rights of the contracting parties, even when made with the intention to deceive." German National Bank's Receiver v. Nagel, 26 Ky. L. R. 748; Bentley v. Stewart, 180 Ky. 23. To same effect see 12 R. C. L. 281.

McCoun took possession of the garage on September 18th. He had possession from that time until September 29th before the note was delivered to Nickell. In that time he had the fullest opportunity to know just what was in the garage and its value. There was nothing concealed; everything was in sight; he had as much opportunity to know the value of what was there as Nickell had.

There are a few cases in which it has been held that statements of value coupled with a statement of fact such as that an invoice had been taken and showed these facts, have been held actionable. But nothing of that sort is shown here. Nickell in fact knew no more about the value of what was in the garage than McCoun by ordinary care could have learned before the note was delivered. We do not disturb the finding of the chancellor on a question of fact where the mind is left in doubt as to the truth. In this case the finding of the chancellor is well within the weight of the evidence.

Judgment affirmed.