## Holloway v. Elliott, et al.

(Decided March 12, 1926.)

### Appeal from Barren Circuit Court.

Fraud.—Purchaser, joining with vendor to defraud infants out of their interest in land purchased, held not entitled to recovery against vendor for fraud on recovery of land by infants.

BASIL RICHARDSON and J. WOOD VANCE for appellant.

PORTER & RALSTON for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming original and cross-appeal.

In 1905 or 1906 appellee, J. C. Elliott, conveyed to his brother, C. C. Elliott, a tract of eleven and a fraction acres of land in Barren county. In 1909 C. C. Elliott, while living on that tract of land, died intestate leaving a wife and two infant children. The deed from his brother had never been recorded, and in fact has never been.

Some two or three years after the death of C. C. Elliott his widow married Long, and she together with her two infant children moved some ten or twelve miles away from their former home. Under these circumstances she contemplated the selling of the home place, the title to which was in her infant children under the

unrecorded deed, and in which she had certain marital rights.

Appellant Holloway hearing the place was for sale made a trip to the home of Mrs. Long for the purpose of buying the same, and offered her $300.00 for it. She informed him there would be necessary a sale under order of court because of the interests of the infants, and upon his first visit no conclusion was reached. Some time later he made a second trip, and upon that occasion, upon being informed that the deed to C. C. Elliott had never been recorded, expressed the view that it would not be necessary to go through the form of obtaining a judicial decree, that all that was necessary would be for J. C. Elliott to make him a deed direct, as the other deed had never been recorded. They had some discussion about the cost of the judicial proceeding, and Mrs. Long offered to pay half of the cost, but appellant said he would take the chances and accordingly they agreed to the sale at $300.00. Thereafter Mrs. Long or her husband mailed to appellant the old unrecorded deed so made to C. C. Elliott and he through his banker sent to her a check for $300.00.

Appellant moved upon the property and lived there several years, and claims to have made some improvements upon it.

Then a month or two after they closed the trade, appellant procured from J. C. Elliott a deed direct to him for the land, and apparently at the time the unrecorded deed to C. C. Elliott was destroyed; at any rate it does not appear in this record.

In 1921 the infants, joined by their guardian and by their mother, brought this equitable action against Holloway and J. C. Elliott, setting up the facts and asking to be adjudged the owners of the property and for its possession. Holloway in his separate answer, counterclaim and cross-petition denied the essential averments in the plaintiffs' petition, and by way of cross-petition against J. C. Elliott alleged in substance that he had bought the land from J. C. Elliott and paid to him rather than Mrs. Long the $300.00 compensation therefor, and prayed, in the alternative, judgment against J. C. Elliott for the value of the farm if it should be adjudged to the plaintiffs, which value he fixed at $1,000.00 or $1,200.00. The pleading likewise was made a counterclaim against the plaintiff, Myrtle Long, and defendant alleged that she

and J. C. Elliott acting in concert with each other fraudulently represented to him, with the purpose to defraud him, that the deed made by J. C. Elliott to his brother, which was not recorded, was of no value, and that J. C. Elliott had the right to tear it up and do away with the same, and then to sell and convey the property to defendant and vest him with a good title; and that defendant being inexperienced, unlearned and unable to read and write, in reliance upon such representations, accepted the deed from J. C. Elliott and paid him and Myrtle Long for the land.

The issues were completed on both the original and the cross-petition, and upon submission the court adjudged the infant plaintiffs and their mother should recover the possession of the land, and adjudged them their costs against Holloway; but adjudged the defendant Holloway on his counterclaim against Myrtle Long the sum of $300.00 with interest from the date of the judgment, and made the same a lien upon Myrtle Long's interest in the land. It likewise dismissed the cross-petition against J. C. Elliott and adjudged him his costs thereon. In this court a cross-appeal has been granted to Myrtle Long.

After the entry of the judgment Mrs. Long tendered into court the $300.00 adjudged against her, less her judgment for costs against Holloway, which he declined to accept.

The evidence is convincing that each of the three parties concerned in this transaction knew that the deed from J. C. to C. C. Elliott had never been recorded; and that the transaction which was completed was a fraud against the two infant children, although it fails to disclose any concert of action between J. C. Elliott and Mrs. Long. Obviously, therefore, if for no other reason, the court properly dismissed the cross-petition against J. C. Elliott, for it is apparent even from the evidence of appellant, that the purpose of the transaction was to defraud the infant plaintiffs out of their interest in the land inherited from their father; and appellant and J. C. Elliott each being parties to that transaction with a knowledge of all the facts, neither could enforce any right against the other growing out of it.

Clearly the rule relied upon by appellant as ground for judgment against J. C. Elliott on his cross-petition as stated in Sellards v. Adams, 190 Ky. 723, has no ap-

plication to the facts of this case. The rule there stated is that a vendee who has been induced to purchase land by a false representation knowingly made by the vendor as to title, with the purpose to deceive and induce the purchase, and who suffers by the same, may maintain his action for fraud and deceit. Obviously here there was no deceit or fraud practiced upon appellant; on the contrary according to his own evidence he and J. C. Elliott were undertaking to consummate a fraud against the two infants, each of them having full knowledge of the facts.

Not only was there no fraud or deceit practiced upon appellant, but the evidence convincingly shows that while J. C. Elliott nominally was his vendor, in truth and in fact he made the contract with and paid the consideration to appellee Myrtle Long.

While there is nothing said in the judgment about either the rents and profits prayed for by the plaintiffs, or the improvements and the interest on the $300.00 prayed for by defendant in his counterclaim against Myrtle Long, it is reasonably apparent the court offset one against the other, for he only gave interest on the $300.00 judgment in favor of defendant from the date of the judgment; and the evidence as to rental value and improvements seems to approximately justify this result.

There is no serious contention for appellant that the judgment giving the land to the plaintiffs was error, but his chief insistence is that he was entitled to a judgment against J. C. Elliott because of his fraud and deceit in misrepresenting the title, for the value of the property at the time it was taken from him; and in this contention we have seen he was in error.

There was granted by this court a cross-appeal to the appellee Myrtle Long because of the entry of the $300.00 judgment against her, but her counsel in his brief, in the light of her tender in the lower court of this money, practically waives the cross-appeal granted her, and agrees that the same may be either dismissed or affirmed, and we are, therefore, relieved of the necessity of considering any question that might be raised by that cross-appeal.

The judgment as a whole is in accord with the equities of the case, and it is, therefore, affirmed on both the original and cross-appeals.