## Cowles' Ex'r v. Johnson.

March 17, 1944

Roscoe Vincent for appellant.

B. T. Rountree for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

The appellant, pursuant to power to sell and convey conferred on him by the will of Edgar Cowles, sold at auction an 80-acre tract of land owned by Edgar Cowles at his death. The appellee became the purchaser at $3,100 and the land was conveyed to him by the appellant. During the course of the auction sale it was represented by the appellant that a tobacco base of one

and six-tenths acres had been alloted to the land, but it later turned out that the correct base was seven-tenths of an acre.

Alleging the foregoing facts, and further alleging that "but for the aforesaid misrepresentation made by the defendant to the plaintiff, this plaintiff would not have bought the said farm and paid the purchase price for it," the appellee sought damages in the sum of $900. The jury returned a verdict for the appellee for $500, and from a judgment entered thereon this appeal is prosecuted.

It is contended that the trial court should have dismissed the action because a verified claim was not presented to the executor. A sufficient answer to this contention is that the claim was not one against a decedent's estate but was a claim against the executor himself, not required by law to be verified. Further, the appellant, by filing other pleadings before making the motion to dismiss, waived the question as to lack of verification and demand. Martin & Co. v. Davis' Adm'r, 226 Ky. 722, 11 S. W. (2d) 912.

The principal ground urged for reversal is that since the deed did not purport to transfer or convey a tobacco base, there being no mention thereof in the deed, parol evidence with reference to the representation as to the acreage of the tobacco base was inadmissible in contradiction of the deed, which was the written contract between the parties. It is, of course a universal rule, broadly stated, that parol evidence is inadmissible to vary the terms of a written contract. However, the admission of testimony as to the false representation by the appellant as to the amount of the tobacco base did not violate the rule, since such testimony in no way tended to vary the terms of the contract. The tobacco base could not be separated from the land or sold independently, but passes with the land without words of conveyance. There was no integration of the subject matter of the false representation into the written contract, the deed. The false representation as to the tobacco base was an inducement to the appellee to purchase and could be established by parol evidence just as any other false representation inducing the making of a contract.

It is argued that the demurrer to the petition should have been sustained because there was no allegation of

facts sufficient to show damage. This argument confuses damage with the measure of damages. The petition alleged that the appellee was damaged in the sum of $900 by reason of the deficiency in the tobacco base. This was sufficient. It was not necessary to allege the measure of damages. Ideal Savings, Loan & Bldg. Association et al. v. Blumberg, 295 Ky. 858, 175 S. W. (2d) 1015.

It is next argued that since the records of the Warren County Agricultural Commission were open to the public, the appellee could have informed himself as to the correct tobacco base, and, therefore, that he was not entitled to rely on the representation made by the appellant. There is no merit in this argument since the appellee was under no duty to make an investigation. The general rule is that fraud may be predicated of false representation although the truth could have been ascertained from public records. 23 Amer. Juris. 972, Campbell v. Hillman, 15 B. Mon. 508, 61 Am. Dec. 195. Nor does the doctrine of caveat emptor have any application here. This doctrine does not bar the right to rely on false representations as to factual matters made by one disposing of property.

A further contention is that the petition stated no cause of action because there was no allegation that the appellee relied on the representation as to the amount of the tobacco base. But, while no such allegation was made in express words, it was alleged that the appellee would not have bought the farm but for the misrepresentation. This was, in effect, an allegation that the representation was relied on by the appellee. We think it was sufficient.

The final contention is that since the appellant, at the time of the trial, offered to rescind the sale and refund the purchase money and also to reimburse the appellee for any expense incurred by him, the appellee had no other choice than to accept this offer and, therefore, was not entitled to maintain the action for damages. Such offer, however, was no defense to the action, since the appellant had the right either to rescind the transaction or to affirm it and seek damages by reason of the false representation. McCoun v. Nickell, 208 Ky. 20, 270 S. W. 457.

Affirmed.