## Adams et al. v. Fada Realty Co. et al.

May 13, 1947.

Rehearing denied June 20, 1947.

Roscoe Conkling, Judge.

Finley F. Gibson, Jr., and Hector E. Rose for appellants.

Woodward, Dawson, Hobson & Fulton and R. P. Hobson for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

The action was instituted by appellants, George E. and Virgie M. Adams, against appellees, Fada Realty Company, Evola Realty Company, and Archer-Meder Company, to recover damages they suffered as a result of being induced to purchase a house and lot in Louisville by fraudulent misrepresentations as to the quality of material used and work performed in its construction. The answer consisted of a general denial of all the allegations of the petition. The first witness to be introduced was appellant George E. Adams. Counsel for appellees were permitted to conduct a voir dire examination before he proceeded with his direct testimony.

This examination disclosed that he had made an offer in writing to appellees to purchase the house in question, which offer was accepted, and at the time of the purchase of the property appellees delivered to him a deed of conveyance which was accepted by him and his wife. Upon this showing the Court refused to permit parol evidence to be introduced concerning any representation made to him as purchaser of the property which was not incorporated into the written contract of purchase or the deed. This ruling was made by the Court upon the theory that parol evidence is incompetent to vary the terms of a written contract. However, Mr. Adams was permitted to testify as to the misrepresentations and the faulty construction of and inferior materials used in the construction of the house for the purpose of incorporating this testimony into an avowal to perfect the record. This testimony shows facts from which a jury could conclude that the agent of appellees represented that the property was constructed of first class materials, and that the work of construction was performed in a workmanlike manner. It likewise disclosed facts from which the jury could conclude that inferior materials were used, and that the work was not performed in a workmanlike manner. It is unnecessary, for the purpose of this opinion, to recite the testimony in detail.

No rule of evidence has been more firmly established than the one appellees invoke, viz.: Parol testimony may not be introduced to vary the terms of a written contract. But we think the rule is not applicable to a case of this character. The cause of action stated in the petition is not one for damages for breach of a contract or for breach of warranty contained in a contract. It is an action in deceit for false and fraudulent representations made by the vendor to induce the vendee to purchase the property. When negotiations for the purchase of real estate are consummated by the execution and delivery of a deed, the transaction, so far as it rests in contract, is merged in the writing. But false and fraudulent representations made by the vendor to induce the vendee to enter into the contract are not merged in the contract. Sellars et al. v. Adams et al., 190 Ky. 723, 228 S .W. 424. Even though the false representations are in respect to matters covered by a warranty con-

tained in the deed, and the purchaser is induced to enter into the contract in reliance upon the false representations, he may sue on the warranty, or maintain an action for a rescission of the contract, or he may affirm the contract and maintain an action for damages suffered on account of the fraud and deceit. Sellars v. Adams, supra; Nunn et al. v. Howard, 216 Ky. 685, 288 S. W. 678; and Salyer v. Blessing, 151 Ky. 459, 152 S. W. 275. In the Sellars case, supra, the vendors falsely and fraudulently represented to the vendees that the vendors' title to the land was perfect, and that they owned the minerals as well as the surface. It was later discovered that they were not the owners of the minerals underlying the lands. Although the imperfection in the title was covered by a general warranty in the deed, the Court held that the vendee was not required to rescind the contract or sue upon the warranty; he had the alternate right to sue for damages growing out of deceit in the inducement causing him to enter into the contract. In the Nunn case, supra, the misrepresentation was as to a fact not covered by the warranty. The vendor represented to the vendee that a well on the property furnished pure water for drinking purposes, and that it never went dry. The Court held that the vendee could maintain the action for deceit in the inducement, although the false representations were not incorporated in the contract. In Salyer v. Blessing, supra, the vendor warranted that the tract of land conveyed contained at least one thousand acres; it developed that the tract contained less than six hundred acres, and suit was filed for damages growing out of the fraud which induced the contract. The Court upheld the vendee's right to disregard the warranty, affirm the contract, and sue for damages for the deceit. In the late case of Cowles' Ex'r v. Johnson, 297 Ky. 454, 179 S. W. 2d 674, 675, the vendor falsely represented to the vendee that the land in question contained a tobacco base of 1 6/10 acres, when in fact the tobacco base was only 7/10 of an acre. The Court upheld the vendee's right to sue for damages growing out of fraud in the inducement. In Sellars v. Adams, supra, and Salyer v. Blessing, supra, the question of the admission of parol evidence to prove the fraudulent representations was not raised, because such testimony did not vary the terms of the

contract since the deeds themselves contained the false representations. But in Nunn et al. v. Howard supra, and Cowles' Ex'r v. Johnson, supra, the deeds were silent as to the matters constituting the subject of the misrepresentations. The opinion in the Nunn case does not discuss the admissibility of parol evidence, but it tacitly holds that such testimony is admissible in that character of case because the plaintiff's case could not be proved in any other manner. But in Cowles' Ex'r v. Johnson, supra, the precise question was raised, and the Court said: "The false representation as to the tobacco base was an inducement to the appellee to purchase and could be established by parol evidence just as any other false representation inducing the making of a contract."

The Court further held in that case that the introduction of parol evidence in respect to a matter inducing the transaction does not violate the rule that such evidence may not be introduced to vary the terms of a contract. But it is insisted that the cases above cited are not in point, since in none of them did the parties enter into a written contract to purchase prior to execution and delivery of the deed; but the rule applies whether the contract is one to purchase or one of purchase if the action is for damages growing out of fraud in the inducement. We are of the opinion the Court erred in refusing to permit appellants to introduce parol evidence in support of the allegations of their petition.

The judgment is reversed, with directions that it be set aside, and that appellants be granted a new trial to be conducted in conformity with this opinion.