**GRAYSON MOTOR SALES, INC., Appellant,**

v.

**Andy SHANNON et al., Appellees.**

Court of Appeals of Kentucky.

March 20, 1959.

Thomas D. Theobald, Jr., Grayson, for appellant.

Howard Moore, Louisa, for appellees.

WADDILL, Commissioner.

On July 11, 1953, Grayson Motor Sales sold James Cleon Shannon a 1949-Model automobile at the price of $1,826.50. Shannon was allowed a credit of $400 on the purchase price by trading in his old car. The balance of $1,426.50 was to be paid in monthly installments over a period of eighteen months. The indebtedness was evidenced by a note signed by Shannon and his father.

The contract of sale contained the following provision:

"It is agreed that this car is purchased by me subject to the Manufacturer's Warranty, and that it is the only warranty either expressed or implied, made under this order. * * *."

After Shannon had defaulted in making his payments, Grayson Motor Sales repossessed the car, sold it at public auction for $222.50 and credited their note with this amount. Subsequently, Grayson Motor Sales brought this action against the Shannons to recover the balance due on their note. Shannon and his father filed an answer and counterclaim seeking damages based on an oral representation made by a salesman of the Grayson Motor Sales to the

effect that the automobile was in perfect condition and would furnish satisfactory transportation service. It was further alleged that within a short time after the automobile had been purchased and driven by the Shannons, the car was not "standing up to the warranty which was orally given to the defendants by the plaintiff;" that the car was not operating properly; and that the car "was reasonably worth $1,826.50 at the time of the purchase and was worth about $250 at the time it was repossessed."

Upon trial the parties stipulated that the sum of $966.25 was the balance due on the note executed by the Shannons and the only issue in the case was "whether or not there was a warranty, or a breach thereof, and if a breach of warranty the amount of payment."

After the proof was heard, a jury returned a verdict for Grayson Motor Sales in the sum of $400. Grayson Motor Sales has moved this Court to grant it an appeal contending that the trial court erred in failing to sustain its motion for judgment notwithstanding the verdict.

In substance, James Shannon testified that an employee of the Grayson Motor Sales told him the automobile was in "perfect condition" and would render good service. He testified further that after he had driven the automobile for several weeks the tires blew out and the transmission apparatus caused trouble; that after the car had been driven for several months, other parts of the car had to be repaired. However, Shannon admitted that he had made no complaint to Grayson Motor Sales about the condition of the automobile until he had become delinquent in making the payments on the car. When questioned on cross-examination concerning why he was dissatisfied with the car, he replied: "I could not get it to keep running and could not pay for it, and I went down in November or December and tried to turn it in. They [Grayson Motor Sales] said: 'No, that I would have to pay for it,' and I brought it home and parked it and it set there until they come."

The stipulation eliminated any issue as to whether the agent of the Grayson Motor Sales had fraudulently misrepresented the condition of the automobile. Therefore, the Shannons cannot recover damages because the oral representations of the agent of the Grayson Motor Sales were merged in the written contract subsequently executed, and each party is bound by its terms. Dunn v. Tate, Ky., 268 S.W. 2d 925; Adams v. Fada Realty Co., 305 Ky. 195, 202 S.W.2d 439; Hopkinsville Motor Co. v. Massie, 228 Ky. 569, 15 S.W.2d 423; Spotswood and Son v. Lafayette-Phoenix Garage, 207 Ky. 477, 269 S.W. 514.

Inasmuch as Grayson Motor Sales moved for a directed verdict at the close of all the evidence, the trial court erred in denying its subsequent motion for judgment notwithstanding the verdict. CR 50.01, 50.-02.

The motion for an appeal is sustained; the judgment is reversed, with directions to set it aside and to enter judgment in favor of Grayson Motor Sales as sought in its complaint.