943 F.2d 51
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert G. AARON, Plaintiff-Appellant,
v.
CITIZENS BANK OF PIKEVILLE, KENTUCKY, Defendant-Appellee.
 No. 90-5895.
 United States Court of Appeals, Sixth Circuit.
 Sept. 3, 1991.
 
 Before BOGGS, Circuit Judge, BAILEY BROWN, Senior Circuit Judge, and GIBBONS, District Judge.*
 PER CURIAM.
 
 
 1
 Albert Aaron appeals the district court's grant of summary judgment for defendant in his suit for breach of contract by fraud in the inducement. For the following reasons, we reverse the district court and remand for further proceedings.
 
 
 2
 This case arises out of the seizure by the Citizens Bank of Pikeville ("Bank") of the principal and interest of a $300,000 certificate of deposit ("CD") Aaron had purchased from and deposited with the Bank. This CD was deposited as collateral for a $750,000 loan made by the Bank to Blackfoot Mining, a coal mining company that Aaron had invested in. The Bank seized the CD when Blackfoot defaulted on the loan.
 
 
 3
 Aaron's CD was not the only collateral pledged. Blackfoot's physical assets--primarily its mining equipment--were also pledged, as was all of the stock in Blackfoot Mining, Indiana Fines, Inc., and Progressive Insurance Agency. Unfortunately for Aaron, when Blackfoot defaulted, the Bank discovered that it could not sell Blackfoot's physical assets to satisfy the debt because a credit union had a higher priority lien on the assets. The Bank, therefore, chose to seize Aaron's CD.
 
 
 4
 Aaron executed an "Assignment of Savings Account" in conjunction with his purchase of the CD. This assignment was continuing, and authorized the Bank to charge "against the [CD] any note or notes representing the unpaid balance of loans at maturity or thereafter with interests and costs, if not otherwise paid." If this case involved nothing more than this assignment, summary judgment for defendant would be proper.
 
 
 5
 Aaron alleges that this case involves much more than the assignment. He contends that he was induced to purchase the CD only because of various misrepresentations and fraudulent statements made by representatives or employees of the Bank designed to induce him to purchase the CD as collateral. These statements are alleged to have been:
 
 
 6
 (1) The Bank would exercise a due diligence search to determine that the Bank's liens on Blackfoot's assets were free and unencumbered;
 
 
 7
 (2) The Bank would obtain first priority liens on the assets;
 
 
 8
 (3) The Bank would foreclose first upon the assets in the event of default;
 
 
 9
 (4) The Bank would dispose of the assets in a commercially reasonable manner, and only after liquidation of the assets would Aaron's CD be seized; and,
 
 
 10
 (5) The value of the assets was in excess of the $750,000 principal amount of the loan.
 
 
 11
 Aaron contends that his assignment is void because these statements make the Bank guilty of fraud in the inducement.[1]
 
 
 12
 The Bank moved for summary judgment. It argued that assuming, without conceding, that those statements were made, they cannot serve as the basis of a lawsuit in the face of the written assignment. The Bank, relying on Coons v. Bank of Commerce, 233 Ky. 457, 26 S.W.2d 15 (1930), argued that oral statements cannot be used to modify of the terms of a written contract. The district court apparently agreed, as it cited Coons as the sole support of its decision to grant the Bank summary judgment. Aaron's timely appeal followed.
 
 
 13
 This case comes to us in diversity, and the parties agree that Kentucky law controls. We reverse because Kentucky law clearly permits a party to bring suit for fraud in the inducement, even when the fraudulent statements were oral and the written contract did not include them.
 
 
 14
 This was the express holding of two old Kentucky cases, Adams v. Fata Realty, 305 Ky. 195, 202 S.W.2d 439 (Ky.1947) and Bryant v. Troutman, 287 S.W.2d 918 (Ky.1956). This holding has continued to be affirmed by Kentucky courts. See American National Bank & Trust Company v. Hanson Construction Co., Inc., Nos. 89-CA-639-MR, 89-CA-690-MR, 1991 Ky.App. LEXIS 35 (Ky.App. March 29, 1991) (cites Bryant for the proposition that parol evidence is admissible to "establish that Hanson had been induced to sign the documents through the fraudulent misrepresentation of the Bank's agents or employees"); Ferguson v. Cussins, 713 S.W.2d 5 (Ky.App.1986) (citing Bryant for the proposition that parol evidence is admissible "to vitiate the agreement based on the fraudulent inducement"). Coons is not to the contrary, as the court there expressly stated that the plaintiffs in that case were not pleading fraud in the inducement, and that therefore the parol evidence was not admissible. Coons, 26 S.W.2d at 18.
 
 
 15
 The Bank on appeal argued that even if Aaron is correct, the district court's judgment should be upheld because the specific statements alleged cannot support an action for fraud in the inducement because they are either statements of future performance or opinions regarding value. This argument was not made below, and our practice is not to hear arguments made for the first time on appeal. Pinney Dock and Transport Co. v. Penn Central Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 488 U.S. 880 (1988). We discard this practice only when failure to do so would produce a "plain miscarriage of justice," in "exceptional cases," or in "particular circumstances" such as when "the issue is presented with sufficient clarity and completeness." Id. We do not believe that failure to hear this argument will be a miscarriage of justice, nor is this the exceptional case. Additionally, Aaron has not briefed this issue, having failed to file a reply brief. Therefore, we hold that the circumstances of this case do not warrant our ruling on this issue without a prior district court hearing. Cf. United States v. Pickett, 90-3594, 1991 WESTLAW 139802 (6th Cir. August 1, 1991).[2] Of course, the Bank is not barred from raising this argument again upon remand.
 
 
 
 *
 The Honorable Julia Smith Gibbons, United States District Judge for the Western District of Tennessee, sitting by designation
 
 
 [1]
 It could be argued that the clause "if otherwise not paid" at the end of the assignment is evidence that the Bank did promise Aaron that it would seize his CD last as among all of the collateral. This clause qualifies Aaron's assignment to the Bank of the power to seize the CD. While it could refer to a payment otherwise made by Blackfoot to clear its obligation, this is unlikely because that event appears to have been covered by the previous clause, which gives the Bank power to seize the CD only to the extent there is already an unpaid balance of the loan. As Aaron does not make this argument, we will not consider it
 
 
 [2]
 The Bank also notes that Aaron filed his reply to its summary judgment motion over 120 days after Local Rule 6(b)(1)(A) of the court requires such answers to be tendered. However, the district court made no reference to this rule in rendering its judgment. Also, we note that we would have reversed even if Aaron's response were stricken, and his argument on appeal therefore stricken as not having been raised below, because the court's judgment was plain error. A simple examination of Coons demonstrates the error