## Stallard et al. v. Adams et al.

February 28, 1950.

Rehearing denied April 25, 1950.

Lawrence F. Speckman, Judge.

Hardy & Logan for appellants.

John L. Richardson, Jr., for appellees.

Chief Justice Sims—Affirming.

Appellees filed this equitable suit against appellants for the rescission of a contract to purchase a lot in Louisville and to cancel a deed made to them by appellants

pursuant to the contract, and to recover $1400 paid under the contract and $2042.80 for improvements appellees put on the lot. The petition averred 'that appellees were induced to enter into the contract by false and fraudulent representations made to them by Stallard. The answer was a denial. The chancellor granted the full relief asked and this appeal followed.

Walter Adams testified he was 26 years of age, had only an eighth grade education and was inexperienced in real estate transactions. He informed Arch Stallard, Sr., an experienced real estate dealer, that he wanted to purchase a lot the ·latter owned on the northwest corner of Whitney and Warren Streets in the Oak Park Subdivision, upon which to erect a tavern where he could sell beer. Stallard told Adams he could convey him an un-encumbered merchantable title subject to existing re-strictions of record. Adams asked Stallard what this meant, and the latter replied that it was a regular real ·estate term and Adams need not worry about the restrictions, that he could sell beer but he could not sell whiskey for five years. Stallard would not hold up the ·deal until Adams could have the title examined. Adams further testified they agreed upon the purchase price of $2600 and entered into a contract which contained this provision: "Deed to contain a restriction for 5 years prohibiting the sale of whiskey on said premises." In the deed that was shortly thereafter executed by Stallard and wife to Adams and wife this provision appears: "Said property is conveyed subject to existing restrictions, and also with the additional provision that no alcoholic beverages, except beer, may be sold on said premises for a period of five years from date hereof."

Soon after receiving the deed Adams obtained a building permit, laid his foundation and after expend·ing $2042.80 toward erecting the building he received a letter from Leroy Highbaugh, the owner of a large number of lots in the Oak Park Subdivision, call'ng his attention to the fact that there was a restriction in this subdivision limiting the use of the lots to residential purposes. Thereupon appellees instituted this suit.

Stallard's testimony is in direct confl'ct with that of Adams. He asked Adams if he wanted to have the title to the property examined, to which he replied in

the negative. Stallard admitted he was familiar with the restrictions limiting the use of this property to residential purposes. Although he denied Adams ever mentioned to him that he wanted to erect a tavern on the lot and sell beer, Stallard inserted in the deed a provision that forbade the sale of all alcoholic beverages, except beer, on the premises for 5 years. Asked why he did this, Stallard stated, "For the simple reason that I do not consider beer an intoxicating liquor. Beer can be sold at retail to carry away from a retail store."

The chancellor in the course of his exhaustive and well-reasoned opinion wrote:

"As to what transpired leading up to the transaction, we only have the word of Adams and Stallard. However, when we consider the binder, the contract and the deed, we are convinced that Adams is telling the truth and that he was led to believe that he could build a tavern on the lots that he purchased; and if he had not believed that, he would not have purchased the lots, as is evidenced by his attempt to construct the tavern."

Stallard insists in brief that parol testimony was not admissible to show what transpired before the contract was signed or the deed made, since such testimony is not competent to contradict or vary the terms of a writing, citing 20 Am. Jur. "Evidence" sec. 1099, p. 958 and Bennett v. Consolidated Realty Co., 226 Ky. 747, 11 S. W. 2d 910, 61 A. L. R. 453. However, Adams' testimony was not given for that purpose, but was to show that a fraud was perpetrated upon him to induce him to enter into the contract. Therefore, the authorities relied upon by appellants have no application here. The parol evidence rule does not apply where the issue is whether the contract was procured by fraud. 24 Am. Jur. "Fraud and Deceit" sec. 267, p. 102; Crawford & Gatlin v. M. Livingston & Co., 153 Ky. 58, 154 S. W. 407, 44 L. R. A., N. S., 640.

Highbaugh's testimony is to the effect that he had certain transactions with Stallard and the latter knew there were restrictions on the lots he sold Adams preventing the sale of any alcoholic beverages thereon. Stallard argued that Highbaugh's testimony as to what transpired between him and Stallard relative to the restrictions was irrelevant and his motion to strike same should have been sustained, citing 20 Am. Jur. "Evi-

dence'' sec. 248, p. 242. He is mistaken in this. High-baugh's testimony tended to show Stallard understood that the restrictions prevented the sale of all intoxicating beverages on the property and it was admissible to show Stallard's knowledge of the scienter of the representation he made to induce Adams to purchase the property. It is said in 37 C. J. S., Fraud, sec. 107, page 418: ''Evidence of transactions between defendant and third persons concerning the subject matter of the representations is admissible to show scienter.'' This principle finds support in Bunch v. Bertram, 219 Ky. 848, 294 S. W. 805.

The fact that appellees could have gone to the records and learned what were the restrictions covering this property does not prevent them from prosecuting this action against appellants for deceit by reason of the misrepresentations Stallard knowingly made to Adams relative thereto, where Adams was ignorant of what the restrictions were. 23 Am. Jur. ''Fraud and Deceit,'' sec. 163, p. 972; Sellars v. Adams, 190 Ky. 723, 228 S. W. 424; Cowles' Ex'r v. Johnson, 297 Ky. 454, 179 S. W. 2d 674.

We agree with the conclusions reached by the chancellor so ably expressed in his opinion and his judgment is affirmed.