[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Plaintiff-appellants, Kenneth and Toni Roberts [Roberts], appeal from the journal entry of the Common Pleas Court of Logan County, Ohio, which granted judgment in favor of Defendant-appellee, Betty Ball [Ball] on a fraud claim.
On July 13, 1996, Roberts entered into a contract for the purchase of real estate owned by Ball. The property was a five bedroom home with six accompanying cottages, located in Russells Point, Ohio. The property had been listed with the brokerage of ERA, The Passkey Realty [ERA]. Hope Noe [Noe] was the broker and Rebecca Maloney [Maloney] was the sales agent.
Closing for the property occurred on August 8, 1996. One day after the purchase, Roberts stated that he sought a permit from the Village of Russells Point to operate the cottages as summer weekend and nightly rentals. At this time, Roberts says he was notified by the Village Mayor and Zoning Administrator that given the current residential zoning status of the property, his desired utilization was not permitted. Further, Roberts said he was told that any variance request would be denied. In a letter dated August 12, 1996, four days after closing, Roberts demanded rescission to all parties involved with the sales transaction, including Ball, Noe and Maloney.
Roberts filed a complaint on September 12, 1996, in which he asserted that he had been assured by Ball, ERA, Noe and Maloney that the property was zoned other than as solely residential. Accordingly, he alleged claims of fraud, negligent misrepresentation and breach of fiduciary duty with a damages request. In addition to the above claims, Roberts also asserted a breach of contract claim against Ball only, still requesting only damages.
In due course, Ball, ERA, Noe and Maloney filed a joint motion for summary judgment. The trial court granted judgment only on the issue of fraud for ERA, Noe and Maloney. The remainder of the issues were to be resolved through a jury trial. Subsequent to this decision, Roberts was permitted to amend his complaint to request the remedy of rescission rather than damages. Since a remedy of rescission is equitable in nature, the matter was set to be tried before the court. Prior to the trial, Roberts dismissed, with prejudice, his claims against ERA, Noe and Maloney.
Trial was held on October 23, 1997, with a decision rendered shortly thereafter in favor of Ball. Roberts' complaint was dismissed and he immediately sought an appeal of this judgment entry. The following is Roberts' listed assignment of error:
 The trial court erred in denying Appellant's claim for rescission of the real estate contract with Defendant Betty Ball.
With this assignment of error, Roberts requests this Court to review the judgment of the trial court. The general rule for this type of review is that a reviewing court will not disturb the trial court's findings so long as clear and convincing evidence exists. As stated in Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus:
 Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
In view of this standard, we conclude that Roberts' argument lacks merit.
The essence of Roberts' complaint for rescission is that because of Ball's statements, he was fraudulently induced to enter into a contract to purchase her property. To establish this claim, Roberts must show:
 (1) that there were actual or implied representations of material matters of fact, (2) that such representations were false, (3) that such representations were made by one party to the other with knowledge of their falsity, (4) that they were made with intent to mislead the other party to rely thereon, and (5) that such party relied on such representations with a right to rely thereon.
 Schulz v. Sullivan (1993), 92 Ohio App.3d 205, 209. See, also,Cross, 161 Ohio St. at paragraph two of the syllabus. When a court is asked to rescind a contract due to fraud, these elements must be demonstrated with clear and convincing evidence. Schulz,supra, at 209. The circumstances of the matter must also be addressed and the court is guided by the rules of equity and common sense. Id.
In this case, the trial court found that Ball misrepresented the zoning of the property. Based on the testimony from trial, the court found that the property subject to the sales contract was zoned by the Village of Russells Point for residential use. Ball did obtain a conditional use permit for month to month rentals of the cottages, but she also engaged in rental activity beyond the extent authorized by the permit. Ball represented to Roberts that she had the permission to operate the rental cottages on a weekly and nightly basis. The trial court determined that this misrepresentation occurred upon direct conversations between Roberts and Ball and in the sales contract executed between the parties where the property was described as residential and commercial property.
Nevertheless, the court further determined that despite Ball's misrepresentation, Roberts failed to demonstrate justifiable reliance. A determination of justifiable reliance is one of fact and involves an assessment of the relationship between the parties. Lepera v. Fuson (1992), 83 Ohio App.3d 17, 26. Reliance is justified when "the representation does not appear unreasonable on its face, . . . and if, under the circumstances, the purchaser has no apparent reason to doubt the veracity of the representation. [Citation omitted.]" Id.
In regards to this element, the trial court stated:
 (4) [Roberts] did not rely on the misrepresentations; at the closing Mr. Roberts inquired of the realtor whether the zoning had been verified;
 (5) Not only does the Court find that [Roberts] did not rely upon [Ball's] misrepresentations, but the Court finds that a reasonable person exercising ordinary care under similar circumstances would not have relied upon * * * [Ball's] representation on the material and crucial issue of zoning. [Roberts] had every opportunity to investigate the zoning. What investigation he did he did through the realtor whom he sued and settled with before trial.
Evidence to support this finding was that Roberts entered the sales contract only after several visits and inspections of the property. He was also knowledgeable in real estate affairs. Roberts had been licensed to sell real estate in the state of Florida and at the time of this matter, he possessed other properties. Although controverted, evidence was also presented that prior to his purchase of Ball's property, Roberts made inquires to the Village Mayor regarding the zoning of this real estate. Zoning regulations are public records and are discoverable by a potential purchaser. See, e.g., Niehaus v.Haven Park West, Inc. (1981), 2 Ohio App.3d 24, 26. Also, evidence supported the trial court's conclusion that Roberts' direct questions were to the real estate agents, who were no longer parties to this action at the time of trial.
Finally, evidence was introduced which demonstrated that Roberts was not entitled to the equitable remedy of rescission. The general guideline for exercising the right of rescission requires:
 that he who rescinds the contract must offer to do so promptly on discovering the facts that will justify a rescission and while he is able of himself or by the judgment of the court, to place the opposite party substantially in statu quo.
51 Ohio Jurisprudence 3d (1984), Fraud Deceit, Section 186. Further, the person who "seeks equity must do equity[.]"Christman v. Christman (1960), 171 Ohio St. 152, 154.
In this case, a damages relief request was made in Roberts' complaint and in subsequent documents submitted to the court. However, it appears that had Roberts pursued this claim, it would have been denied on the basis that Roberts suffered no harm as a result of the transaction. The evidence presented at trial demonstrated that Roberts made an offer of $89,500 on Ball's property, which was listed at $94,500. Eventually, the parties negotiated this price to $86,500. An alteration to the real estate agent's commission also occurred. For loan purposes, the property was appraised at $91,000. Finally, evidence demonstrated that in May, 1997, Roberts entered into a land contract to sell this property to one of his renters, only to rescind the deal in September, 1997 after a scheduled settlement hearing where Roberts presented no estimate of the damages he sought. If the trial court believed this testimony, the terms agreed upon included payments totalling $110,000 over a period of twenty-five years. Thus, evidently the value of the property was higher than its sales price and upon Roberts' plans for resale, he was to make a profit on the transaction.
On October 16, 1997, Roberts amended his prayer of relief to include rescission. This was one week prior to trial, thirteen months after the filing of the first complaint. However, the initial complaint and subsequent court documents never referenced Roberts' previous attempt to rescind the real estate contract with the August 12, 1996 letter and consistently referred only to Roberts' interest in monetary damages. Rescission was not even suggested as a relief alternative. Notwithstanding the trial court's discretion to allow Roberts to amend his complaint, the court documents submitted by Roberts in conjunction with the timing of Roberts' motion to amend his prayer for relief, demonstrate that he apparently never intended to request rescission.
In short, Roberts did not make a prompt request for rescission, particularly since he possessed the requisite information and the ability to include this claim in his initial complaint if desired. Nor does Roberts have "clean hands" since he maintained his interest in a damages form of relief for only so long as it appeared to be advantageous. Thus, we cannot say that the trial court erred in denying Roberts the right to rescind his contract with Ball.
In sum, after applying the appropriate review standards, we conclude that there was clear and convincing evidence to support the trial court's findings. In view of the foregoing, we overrule Roberts' assignment of error and affirm the judgment of the Court of Common Pleas of Logan County, Ohio.
Judgment affirmed.
 HADLEY and EVANS, JJ., concur.