OPINION
This is accelerated calendar case submitted to this court on the briefs of the parties.
In September 1993, appellant, John Masternick, and appellee, Gene Garrett, formed a corporation known as Geigh M Corporation ("Geigh M"). Masternick became secretary/treasurer, while Garrett was elected president of Geigh M. During the organizational meeting, it was agreed that the money to fund the corporation would come from Masternick and his wife, and that Garrett would be running the corporation on a daily basis. Up until Geigh M was dissolved in January 1995, the Masternicks advanced funds to the corporation on several occasions. Each time this occurred, a cognovit note in the amount of the advancement was prepared and signed by Garrett with no indication that he was doing so in anything other than his own personal capacity. However, in the transcript from the organizational meeting, the following was noted:
 "The amount of additional financing to be provided to the corporation by Mr. Masternick was unknown at this time. * * * A form of proposed cognovit note to be executed and delivered by the corporation to Mr. Masternick at the time of each advance which would be made by him to the corporation was submitted. The note was reviewed. After a general discussion it was moved and seconded that the corporation borrow, from time to time, such funds as would be willing to be advanced to the corporation by John Masternick, with all such borrowings to be in accordance with the terms and conditions of a cognovit note, a copy of which had been submitted to the directors of the corporation prior to the adoption of this resolution and which terms and conditions are incorporated herein as if they were fully written at this point, with each such borrowing to be the authorized act of the corporation when signed by any officer of the corporation. This resolution was passed upon the vote being called."
On January 17, 1995, a cognovit note in the amount of $97,211.99 was prepared, representing the Masternicks' contribution to the corporation as of that date. Garrett signed the note as he had with all of the previous ones, without noting that he was doing so on behalf of Geigh M.
Subsequently, on September 18, 1996, the Masternicks filed a complaint in Trumbull County Court of Common Pleas against Garrett on the cognovit note executed on January 17, 1995, in the amount of $97,211.99, plus interest at the rate of eight percent per annum. A confession of judgment on the cognovit note was entered in favor of the Masternicks on the same date and the trial court also entered judgment in favor of the Masternicks in the amount of $110,186.63 on that date.
On November 6, 1996, Garrett filed a motion for relief from judgment pursuant to Civ.R. 60(B). On December 13, 1996, the trial court conducted a hearing on the motion and received testimony and exhibits. On February 20, 1997, the trial court granted relief from judgment and vacated the cognovit judgment. Thereafter, the parties entered into stipulations and agreed to have the trial court decide the merits of the action upon the briefs of the parties, submissions of exhibits, and depositions.
On June 16, 1998, the trial court entered judgment in favor of Garrett, and dismissed the Masternicks' complaint. The Masternicks timely filed a notice of appeal and have now set forth two assignments of error.
In their first assignment of error, the Masternicks contend that the trial court erred in granting Garrett relief from judgment when he had failed to assert operative facts necessary to establish a meritorious defense.
Generally, in order to prevail on a motion for relief from judgment brought pursuant to Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTEAutomatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. However, special circumstances exist when a judgment is entered on a cognovit note. Meyers v. McGuire (1992), 80 Ohio App.3d 644,646. Relief from a cognovit judgment, without prior notice, is warranted when the movant establishes: (1) a meritorious defense; and (2) that the application for relief from judgment was timely filed.Id.; Society Natl. Bank v. Val Halla Athletic Club Recreation Ctr., Inc. (1989), 63 Ohio App.3d 413, 418.
In the present case, it is undisputed that the application for relief from judgment was filed in a timely manner. Thus, the only issue for consideration is whether Garrett established a meritorious defense. With respect to this prong, the Supreme Court of Ohio has held that the "movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. Additionally, the question of whether relief should be granted is within the sound discretion of the trial court. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77.
In the case sub judice, the Masternicks assert that Garrett failed to allege a meritorious defense. However, a review of Garrett's motion for relief from judgment does not support the Masternicks' contention. Garrett filed a memorandum in support of his motion along with a transcript from the organizational meeting of Geigh M, and his own affidavit. In those documents, Garrett specifically raised the defense of fraudulent inducement to execute the cognovit note in an individual capacity rather than a corporate capacity, and he additionally claimed misrepresentation on the part of John Masternick. Both fraud and misrepresentation are grounds for relief from judgment under Civ.R. 60(B)(3).
Additionally, it is clear that Garrett set forth operative facts sufficient to support his allegation of a meritorious defense. In his affidavit, he testified that John Masternick was an attorney who led him to believe that he was executing all of the cognovit notes in his capacity as president of the corporation. Garrett also received a correspondence from Geigh M's accountant indicating that the corporation owed the money to the Masternicks. These allegations were sufficiently supported by operative facts.
Also, we note that when one holds oneself out to have superior skill or expertise, and a second person relies on that heightened knowledge, a fiduciary relationship may be created due to the special trust or confidence. Domo v. Stouffer (1989), 64 Ohio App.3d 43,49.
Accordingly, the trial court did not err in granting Garrett relief from judgment as he adequately alleged a meritorious defense. Hence, the Masternicks' first assignment of error is without merit.
In the second assignment of error, the Masternicks assert that the trial court erred in rendering judgment in favor of Garrett and dismissing their complaint. Specifically, they claim that it was error for the trial court to consider parol evidence when the cognovit note was clear and unambiguous on its face. However, in Davidson v. Hayes (1990), 69 Ohio App.3d 28, the Ninth District Court of Appeals, quoting Niehaus v. Haven Park West,Inc. (1981), 2 Ohio App.3d 24, 25, stated:
 "`" * * *It is a general rule that where one party to a contract has been induced to enter into it through fraud, deceit, and misrepresentation of the other party as to material matters, the defrauded party does not become bound by its terms, notwithstanding the contract contains a provision that there are no agreements or statements binding upon the parties except those contained therein. Fraud which enters into the actual making of a contract cannot be excluded from the reach of the law by any formal phrase inserted in the contract itself. * * *" (Footnotes omitted.)* * *'" Id. at 31.
Additionally, Ohio courts have held that parol evidence may be admitted to show the capacity in which a corporate officer signed an agreement. Canton ProvisionCo. v. Chaney (1945), 46 Ohio Law Abs. 513; J. H. HinzCo. v. Freeman (1939), 28 Ohio Law Abs. 546. Accordingly, it was not error for the trial court to consider parol evidence in this case.
We further note that this was not a summary judgment exercise but, rather, the matter was submitted to the trial court where weighing of the evidence occurred. Thus, the Masternicks had their day in court, even though it was only on paper.
Based upon the foregoing analysis, the trial court did not err in rendering judgment in favor of Garrett. Thus, the Masternicks' second assignment of error is also without merit.
The judgment of the trial court is hereby affirmed.
CHRISTLEY, P.J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.