Dora CAUDILL, Appellant,

v.

Jean ACTON, Appellee.

No. 2003–CA–001957–DG.

Court of Appeals of Kentucky.

Dec. 17, 2004.

Rehearing Denied Jan. 27, 2005.

Discretionary Review Denied by Supreme Court Nov. 16, 2005.

Jason Todd Hardin, Louisville, KY, for Appellant.

Dana R. Kolter, Jean Acton, Louisville, KY, for Appellee.

Before TACKETT, TAYLOR, and VANMETER, Judges.

## OPINION

VANMETER, Judge.

Under the Uniform Residential Landlord and Tenant Act (URLTA), a tenant is liable for damages to the leased premises, including those which occur during any holdover period of possession. Since Dora Caudill signed an apartment lease agreement as a "tenant," the fact that she never resided in the apartment did not change her obligations to the landlord. We affirm the decision of the Jefferson Circuit Court.

In October 1999 Dora Caudill and her father, Alvin Best, signed a lease agreement in which they both were named as tenants and Jean Acton was named as landlord. The twelve-month lease commenced on October 3, with a requirement that notice of any intent to renew the lease be given at least sixty days prior to the lease's expiration. Caudill never resided in the apartment, but she paid Best's rent and other bills and provided occasional housekeeping assistance.[1]

Neither Caudill nor Best gave renewal notification, and Best continued to live in

---

1. Caudill argues that the circuit court ignored the fact that, as found by the district court, she was reimbursed for the expenses from Best's savings. The source of the funds, however, is immaterial to our decision.

the apartment for eight months after the lease expired. In June 2001 Acton made a written demand for the apartment to be vacated. Best vacated the premises on or about July 8, and Acton discovered substantial damages. Acton sued both Caudill and Best for lost rent and damages.

The Jefferson District Court granted Caudill's motion for a directed verdict, finding that Caudill was not an "occupant" or "resident" of the apartment, and that she was not a holdover tenant as defined by KRS 383.160(1). The court found that although Best's continued residency created a holdover tenancy on his part, it did not extend Caudill's obligations beyond the lease period. In addition, the court found insufficient evidence to prove that the damages to the apartment occurred before the lease expired. The court denied Acton's claim for treble damages under KRS 381.400, and held that since there was "no evidence" that Caudill damaged the premises in any way, as a matter of law she could not be held liable for having violated tenant maintenance obligations.

On appeal, the Jefferson Circuit Court found that the district court erred in ruling that Caudill "was not a tenant in the apartment, and by granting a directed verdict against" Acton. The circuit court held that because Caudill made monthly rent payments after the lease expired, she continued in a month-to-month tenancy regardless of whether she occupied the residence. After noting that by signing the lease agreement Caudill agreed "to keep the property clean and in good repair," the circuit court reversed and remanded the

district court's judgment. This appeal followed.

This matter is now before us on discretionary review. Caudill claims that the circuit court erred in reversing the district court's determination that she was not a tenant, as that determination was supported by substantial evidence. We disagree.

■■■ On appeal, "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."[2] On the other hand, conclusions of law are subject to independent appellate determination.[3] In this regard, "[t]he construction and interpretation of a contract . . . are questions of law to be decided by the court."[4] The trial court's conclusions that Caudill was not bound to the terms of the lease because she was not an "occupant" of the apartment, and/or that she was not bound past the original term of the lease, are questions of law for which an appellate court's standard of review is de novo.[5]

■■■ According to the express terms of the lease, Caudill signed the document as a designated tenant. She did not sign as an agent, or in any other representative capacity tending to indicate that she possessed anything other than full rights and responsibilities as a tenant. Although not addressed by the provisions of the lease, Caudill's intention to not occupy the apartment is immaterial. The lease contains no limitation on Caudill's obligations to make lease payments or to comply with other duties required of a tenant. Caudill's reliance on *Justice v. Justice*[6] and *Phelps v.*

---

**2.** CR 52.01; *A A Mechanical, Inc. v. Thermal Equipment Sales, Inc.*, 998 S.W.2d 505, 509 (Ky.App.1999).

**3.** *A A Mechanical*, 998 S.W.2d at 509.

**4.** *First Commonwealth Bank of Prestonsburg v. West*, 55 S.W.3d 829, 835 (Ky.App.2000).

**5.** *Id.* at 835–36.

**6.** 421 S.W.2d 868 (Ky.1967).

*Brown,*[7] in support of her argument that the trial court was in the best position to weigh the credibility of the witnesses when making findings of fact, is misplaced since the issue does not concern the witnesses' credibility. Instead, the language of the lease agreement itself unambiguously indicated that a landlord-tenant relationship existed between Caudill and Acton. The parol evidence rule prevents a party from introducing testimony or other extrinsic evidence to vary or alter the terms of a written agreement.[8] In addition, the URLTA defines "tenant" as "[a] person entitled under a rental agreement to occupy a dwelling unit to the exclusion of others."[9] Under the lease, both Caudill and Best were tenants who possessed identical rights and obligations with respect to the apartment and the landlord. The circuit court did not err by reversing the district court's determination that Caudill was not liable under the lease.

■ Next, Caudill asserts that the circuit court erred by finding that she was a holdover tenant. We disagree. JCO § 151.49(D)[10] addresses holdover possession as follows:

> If the tenant remains in possession without the landlord's consent after expiration of the term of the rental agreement or its termination, the landlord may bring an action for possession.... If the landlord consents to the tenant's continued occupancy, 151.23(C)[11] applies.

Caudill's tenancy became that of a holdover tenant when she and Best remained in possession of the apartment and continued to make monthly rent payments to Acton after the lease agreement expired. Simply put, the apartment's possession by Best was possession by Caudill as well. The rule governing the interaction of JCO §§ 151.49[12] and 151.23(C)[13] is no more complicated than the rule that following the expiration of a definite lease term, i.e., during a holdover term, the tenancy becomes week-to-week if paid weekly, or month-to-month if paid monthly. For this reason, the circuit court properly concluded that Caudill was a holdover tenant whose tenancy was month-to-month, and that her tenancy did not terminate until the apartment was vacated. Under both the lease agreement and the ordinance,[14] therefore, Caudill was liable for any unpaid rent and damages which accrued during the terms of the lease and holdover.

Finally, Caudill claims, based on *Region-*

---

7. 295 S.W.2d 804 (Ky.1956).

8. *Stallard v. Adams,* 312 Ky. 532, 228 S.W.2d 430, 431 (1950). The court in *Stallard* held that the parol evidence rule did not apply where a contract was procured by fraud. *See also* 49 Am.Jur.2d, *Landlord and Tenant,* § 50 (1995) (parol evidence admissible to show fraud, accident, or mistake). In the instant case, Caudill makes no claim of fraud, accident, or mistake.

9. Jefferson County Ordinance (JCO) § 151.03, KRS 383.545(15). As noted by the circuit court, Jefferson County adopted the URLTA, KRS 383.505 to 383.715, in 1984 as JCO §§ 151.01 to 151.51. Under KRS 383.500, any city, county or urban county government which enacts the provisions of the Act must do so "in their entirety and without amendment." For ease of reference, we include parallel citations between the JCO provisions and the corresponding sections of KRS.

10. KRS 383.695(4).

11. KRS 383.565(3).

12. KRS 383.695(4).

13. *Id.*

14. JCO 151.42, KRS 383.660 (remedy for failure to pay rent); JCO 151.43, KRS 383.665 (remedy for failure to maintain); and JCO 151.47, KRS 383.685 (remedy after termination).

al Jail Authority v. Tackett,[15] that the circuit court erred in relying on JCO § 151.49 [16] since neither the district court nor Acton cited the ordinance below. That case, however, merely stands for the proposition that an issue not raised in the lower court may not be reviewed on appeal. In the instant case, the district court addressed issues regarding the binding nature of a lease and the effect of a tenant's holdover possession of an apartment following the expiration of a lease term. The Jefferson Circuit Court correctly noted that since Jefferson County had adopted the URLTA, it should apply JCO § 151.49 [17] to the issue rather than KRS 383.160, which had been applied by the district court. The decision in Tackett does not in any way suggest that reviewing courts may not identify and rely on the most relevant authorities regardless of whether those authorities were previously identified or relied upon by the parties or the lower courts.

The order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

---

**15.** 770 S.W.2d 225 (Ky.1989).

**16.** KRS 383.695.

**17.** KRS 383.695.